**Town of Centreville, Plaintiff, and City of East St. Louis, Appellants, v. John R. Deckard et al., Appellees.**

February term, 1944.

Heard in this court at the Opinion filed February 28, 1944.

JOHN R. SPRAGUE, of Belleville, and DAN McGLYNN, of East St. Louis, for appellants.

FARMER, KLINGEL & BALTZ, of Belleville, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of St. Clair county, directing a verdict in favor of appellees, John R. Deckard, Ed. Neumeyer, John A. Hill, Wilford Shorber, William Bochholt, Sam Bommareto, John Horn, Arthur Rohn, Nicola Bommareto and John Baumann (hereinafter called defendants), and as against appellant, Town of Centreville (hereinafter called plaintiff).

The action was originally commenced before a justice of the peace in the Town of Centreville, by the Town of Centreville, against ten individual defendants, for a penalty for injuring and obstructing a public road by allegedly placing 61 posts on a roadway, in violation of chapter 121, section 167 of 1941 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 120.163], by sworn complaint of the highway commissioner. All ten cases were consolidated by agreement, and after judgments of $5 each were entered as against all of the defendants, they appealed to the circuit court of St. Clair county. In the circuit court the defendants, who were all employees of the St. Louis-Belleville Electric Railway Company, filed a motion to dismiss the suit on the ground that they had been employed to set the posts in question, and that they had set the posts across the line from the Town of Centreville, in the City of East St. Louis, which adjoins the Town of Centreville. Thereafter, in the circuit court, the City of East St. Louis filed a written motion for leave to file an intervening complaint, in which motion it was set forth that the Town of Centreville had made the original com-

plaint, and that the defendants maintained the alleged obstructions in the City of East St. Louis, and that the City of East St. Louis was an interested party and claimed a cause of action against defendants, arising out of the same transaction involved in the cause. This motion was denied in the circuit court, and the case was then tried before a jury. At the close of the evidence for the plaintiff, it was apparent that the portion of the railroad right of way where the posts had been set and where the Town of Centreville claims a road existed is not within the Town of Centreville, but was within the limits of the City of East St. Louis. There was, likewise, some question as to whether the evidence was adequate to establish a prescriptive right over the portion of the road within the jurisdiction of the town. At the close of such evidence the court directed a verdict against the plaintiff, and in favor of all defendants. A motion for new trial was filed by plaintiff, Town of Centreville, which was overruled, and the plaintiffs, Town of Centreville and City of East St. Louis, now bring this appeal from the order of the circuit court directing a verdict in favor of defendants and denying the intervention of the City of East St. Louis.

The right to intervene in a suit is not absolute, but is exercised only on permission which is granted or denied, depending on the circumstances surrounding each case, and the rules applicable thereto, and where, in the judgment of the trial court (properly exercised under the facts in a case), intervention would change the issues or raise new issues, or would unduly complicate the case, the action of the trial court in refusing such intervention is not a ground for reversal (*Hairgrove v. City of Jacksonville*, 366 Ill. 163), particularly if such denial does not operate to deprive the intervener of a right of action. The action of the court in the instant case in refusing to permit the intervention by the City of East St. Louis, under the facts and cir-

cumstances in this case, does not, in our judgment, constitute reversible error. It is obvious that the City of East St. Louis, if it had a right of action, was not precluded from instituting such action in a separate suit.

In finding for the defendants the court below stated, specifically, that the testimony of the surveyor, introduced on the stand by the plaintiff, Town of Centreville, was that the city limits of East St. Louis extended to the southerly right of way line of the St. Louis & Belleville Electric Railway Company, and that the Town of Centreville commences and proceeds south of that right of way line. It was pointed out by the court that his testimony was that all these posts were on the right of way line of the St. Louis & Belleville Electric Railway, and that that being true, none of them were in the Town of Centreville. It was pointed out by the court that this was a proceeding started by the Town of Centreville, for obstruction of a road in the Town of Centreville, and that the Town of Centreville had no jurisdiction over any part of East St. Louis, and that there was no violation in the Town of Centreville, and that the Town of Centreville has no authority or jurisdiction whatever of roads outside the town (*Shields v. Ross,* 158 Ill. 214, 221; *Mushbaugh v. Village of East Peoria,* 260 Ill. 27, 32). For the reasons stated it is obvious that the action of the trial court in directing a verdict in favor of defendants in this proceeding was proper.

A number of other points are raised in this case, to which it is not necessary that we give consideration in view of our conclusion. The judgment of the circuit court of St. Clair county in favor of defendants and as against plaintiff herein, and its action in denying intervention, will, therefore, be affirmed.

*Judgment affirmed.*