Hale P. Jackson, Russell Helander, and Board of Education of Rutland Community High School, District Number 340 J of La Salle County, Illinois, Petitioners-Appellants, v. Don B. Pioletti, Judge of County Court of Woodford County, Illinois, and S. E. Naffziger, Clerk of County Court of Woodford County, Illinois, Respondents-Appellees.

Gen. No. 10,589.

Opinion filed May 2, 1952. Released for publication May 22, 1952.

McNEILLY & RYAN, of Peru, for appellants.

ISADORE I. LEIKEN, of Minonk, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

Appellants, being the petitioners below, filed a petition for a common-law writ of certiorari in the circuit court of Woodford county to which the county judge and the clerk of the county court were named as respondents. The petition in its amended form charged that the county court lacked jurisdiction to detach a certain acreage of land from certain school districts, and prayed that upon certification of the county court record, to the circuit court that the order detaching same be reversed.

Neither of the respondents made any appearance in the circuit court upon this petition, and our thorough search of the record fails to reveal any indication that they were ever notified of such proceedings or were defaulted. We find, to the contrary, that on October 30, 1950, petitioners were ordered by the court to give notice to the respondents that the matter was set for hearing on November 8, 1950; and on December 8, 1950, the court found that notices as hereinbefore ordered had not been given, and again ordered petitioners to give notice to respondents, this time to advise them that the matter was reset for hearing on January 8, 1951, and further ordered that said notices be mailed to respondents within three days from the date of the order, i. e: December 8, 1950. The record does not indicate that either of these orders of the circuit court was obeyed, or that respondents were ever notified of the existence or pendency of the proceedings.

Appearance was entered, however, by one Minonk-Dana Community Unit School District No. 108 of Woodford county, Illinois, which on August 27, 1951, filed a motion therein to dismiss petitioner's petition for writ of certiorari. This school district in its motion did not set forth any fact as to its interest, if any, in the proceedings nor any reason why it should be permitted to intervene therein. Its motion simply attacked the allegations of the petition, and alleged nothing affirmatively describing its status or interest in the matter. No leave of the circuit court was either sought or obtained for this school district to intervene in this case. Neither the briefs, abstract, nor our independent search of the record discloses that the Minonk-Dana District No. 108 was, or became a party to these proceedings at any time. Nevertheless, on August 27, 1951, the circuit court had a hearing upon the petition and motion, and on September 4, 1951, entered an order allowing said motion and dismissed said petition for writ of certiorari. From that order the petitioners for said writ appeal.

We do not deal with the facts in greater detail because we find a lack of jurisdiction hereof, which is determinative of the case. Not mentioned in the abstract or briefs, but apparent from our study of the record itself, are factors precluding any jurisdiction of either the circuit court, or this court to consider this cause as here presented. Appellants in their brief state their desire to waive any procedural defects in the circuit court, and the Minonk-Dana district in its brief ratifies this vague waiver. However, there are certain aspects of jurisdiction that are fundamental and necessary, and cannot be waived, and in this case we find several such factors, to wit: The circuit court on two different occasions ordered petitioners to notify respondents of the existence and pendency of their petition. These orders were not obeyed and respond-

ents never appeared, nor were they defaulted. The Minonk-Dana district, not being a party or named respondent, could not waive this lack of notice. Even if such notice had been given, and proper default proceedings had against respondents, the petition could not be dismissed upon motion of one not a party to the suit. The Minonk-Dana district was not a named respondent herein, never sought leave of the circuit court to intervene, was not granted any leave to intervene, and never became a party hereto nor attained any status in this cause as the record now stands.

The necessity for obeyance of the circuit court's repeated orders directing notice, and the necessity for any default to be properly applied for and entered of record, are obvious beyond discussion. However, the Minonk-Dana district's attempted intervention in this case, particularly in view of its motion having been granted, deserves our attention because of the uniqueness of such a situation.

It is our opinion that this attempted intervention by the Minonk-Dana district presented nothing for the circuit court to consider, let alone decide. Our Civil Practice Act (ch. 110, section 149, Ill. Rev. Stat. 1951) [Jones Ill. Stats. Ann. 104.025] provides that where a person is not named a party, he can be directed by the court to be made a party upon application when he has an interest or title which the judgment may affect. Here, there was no application for leave to intervene, nor was there any showing in the pleadings of said Minonk-Dana district that it had any interest or title which a judgment might affect.

 Our courts have repeatedly held that the right to intervene, in a proceeding to which one is not an original party, is not absolute; rather, it is exercised only upon permission of the trial court which is granted or denied in the court's discretion depending upon the circumstances of each case, and permission

to intervene must be secured. *Hairgrove v. City of Jacksonville,* 366 Ill. 163, 184; *In re Belleville Bank & Trust Co.,* 302 Ill. App. 359; *Town of Centreville v. Deckard,* 322 Ill. App. 9, 11. Whether one will be permitted to intervene is a matter largely in the discretion of the trial court, and a holding in reference thereto will not be disturbed on appeal unless clear abuse is shown. *Toman v. Tufts,* 323 Ill. App. 516. In the case at bar, there is no appellee before this court. The named respondents were not notified of the proceedings against them, and did not appear, were not defaulted, did not appear on appeal and did not file any brief. The would-be appellee, i. e. Minonk-Dana district, was not an original party to the petition, did not seek leave to intervene, was not granted any such leave, and did not become a party hereto either before the trial court or here. The Minonk-Dana district is not labelled as a respondent or appellee anywhere in the record or briefs, nor would any such label suffice, for said district never became a party herein. The circuit court was not afforded an opportunity to exercise its discretion of whether or not the Minonk-Dana district had any interest in this matter, and no jurisdiction was conferred merely by its voluntary filing of a motion.

Accordingly, the order of the circuit court dismissing the petition for writ of certiorari is reversed and set aside, and the cause remanded for such further proceedings, consonant herewith, as may be brought.

*Reversed and remanded.*