Angus Hyland, Plaintiff Below, Appellee, v. 79 West Monroe Corporation, Defendant Below, Appellee. Campbell-Lowrie-Lautermilch Corporation, Intervening Petitioner Below, Appellant.

Gen. No. 46,169.

Opinion filed February 24, 1954.
Rehearing denied March 24, 1954. Released for publication April 22, 1954.

B. S. QUIGLEY, and ARRINGTON & HEALY, all of Chicago, for appellant; W. RUSSELL ARRINGTON, VIRGIL C. LUTRELL, and JOHN G. POUST, all of Chicago, of counsel.

LESTER B. MARSHALL, of Chicago, for plaintiff-appellee.

HINSHAW, CULBERTSON, MOELMANN & HORAN, of Chicago, for defendant-appellee; JOSEPH W. GRIFFIN, of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Campbell-Lowrie-Lautermilch Corporation, hereinafter called "Campbell," appeals from an order denying its motion for leave to file a lien under the provisions of the Workmen's Compensation Act of the State of Illinois, in the suit now pending in the circuit court of Cook county brought by plaintiff Angus Hyland against 79 West Monroe Corporation.

August 11, 1952 plaintiff filed his amended complaint consisting of two counts. Count 1 alleged in substance that Campbell, a general contractor who was engaged by defendant to remodel its office building, employed plaintiff, a carpenter, and that plaintiff, while making

repairs in an elevator shaft in defendant's building was injured as a result of defendant's negligent operation of an elevator.

Count 2 charged defendant with willful and wanton misconduct in the operation of the elevator. Defendant answered and as a special defense averred that the accident arose out of and in the course of the employment of the plaintiff by Campbell; that at the time of the accident Campbell and defendant were bound by the Workmen's Compensation Act; and that by virtue of section 29 of the Act [Ill. Rev. Stats. 1949, ch. 48, § 166; Jones Ill. Stats. Ann. 143.44] all rights, if any, existing in the plaintiff on account of the alleged occurrence are subrogated to the plaintiff's employer Campbell.

February 6, 1952 Campbell served notice upon each of the parties, which reads:

"Please take notice that on Monday, February 9, 1953, at 10:00 a. m., I shall appear before Judge Cornelius J. Harrington, Room 909, County Building, or any other judge sitting in his stead, and move the Court to be allowed to file a lien under the Workmen's Compensation Act, copy of which lien is attached hereto, at which time and place you may appear if you see fit."

A document titled "lien" attached to the foregoing notice reads as follows:

"ANGUS HYLAND met with an accidental injury which arose out of and in the course of his employment with CAMPBELL-LOWRIE-LAUTERMILCH CORPORATION, a corporation, at or near 79 W. Monroe Street, on the fourteenth day of August A. D. 1950. Subsequently thereto, his employer, CAMPBELL-LOWRIE-LAUTERMILCH CORPORATION, by and through their insurance carrier, The Liberty Mutual Insurance Company, paid to ANGUS HYLAND $22.50 for a period of 93 weeks up to and including January 28, 1953, in the amount of Two THOUSAND NINETY TWO DOLLARS AND FIFTY CENTS ($2,092.50).

"In addition thereto, the employer, by and through their insurance carrier, has paid out surgical, hospital, medical services, prosthesis, etc., a sum of, to wit: NINE THOUSAND FOUR HUNDRED FIFTY NINE DOLLARS AND SIXTY NINE CENTS ($9,459.69).

"WHEREFORE, CAMPBELL-LOWRIE-LAUTERMILCH CORPORATION, for the use of Liberty Mutual Insurance Company, a corporation, claims a lien in the amount of, to wit: ELEVEN THOUSAND FIVE HUNDRED FIFTY TWO DOLLARS AND NINETEEN CENTS ($11,552.19)."

In *Grasse v. Dealer's Transport Co.,* 412 Ill. 179, our Supreme Court in declaring paragraph one of section 29 of the Workmen's Compensation Act unconstitutional, said, at page 201:

"The effect of our determination is to render the provision void, and to relegate the parties to such rights as they may have had prior to the enactment of the unconstitutional provision. (*People v. Schraeberg,* 347 Ill. 392.) Under those circumstances, the rights of the parties would be governed by common-law subrogation principles, and the non-negligent employer who had paid compensation would be entitled to be subrogated to the rights of the employee against the third party tort-feasors."

Campbell contends that, notwithstanding the invalidity of the first paragraph of section 29, as a non-negligent employer under the Workmen's Compensation Act, it is entitled to reimbursement for the amount expended, from the third-party tort-feasor also under the Act. It is conceded that all of the parties are bound by the Act.

Plaintiff says where an employee sustains accidental injuries in the course of his employment and files suit

86

at law for damages against a negligent third party, his employer has no right to file a lien in that suit.

In its brief Campbell characterizes itself as an intervening petitioner and treats the notice and so-called "lien" served upon the parties as tantamount to an intervening petition.

██ ██ A petition for intervention is a petition to become a party to a suit as either plaintiff or defendant. Under the usual practice in the courts of this State a person seeking to intervene customarily files his petition for leave to intervene and attaches thereto a copy of his proposed intervening petition. Of necessity, the facts demonstrating the petitioner's interest in the subject matter of the principal suit must appear either in the petition to intervene or in the proposed intervening petition. See *Strader v. Board of Education,* 351 Ill. App. 438, 115 N.E.2d 539.

In the instant case Campbell has not petitioned the court for leave to intervene in order to become a party. It only asks to file a lien in a pending cause. Where the third-party tort-feasor is not bound by the Workmen's Compensation Act, section 29 provides that the employer, "may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party." There does not appear to be any provision in the Act for enforcing a lien, nor is there any procedure provided in the Act for intervention where, as here, all the parties are bound by the Act.

██ Assuming, without deciding, that the notice and so-called "lien" filed by Campbell are, in keeping with the liberal spirit of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110 et seq.; Jones Ill. Stats. Ann. 104.001 et seq.], substantially a petition to intervene,

we think the trial court could, in the exercise of its discretion, deny leave to intervene. Our courts of review have repeatedly held that the right to intervene in a proceeding is not absolute and is exercised only upon permission of the trial court and is granted or denied in the court's discretion depending upon the circumstances of the case. See *Hairgrove v. City of Jacksonville,* 366 Ill. 163; *Jackson v. Pioletti,* 346 Ill. App. 569; *Town of Centreville v. Deckard,* 322 Ill. App. 9.

■ Plaintiff relies on the recent case of *Geneva Construction Co. v. Martin Transfer and Storage Co.,* 351 Ill. App. 289, where the employer instituted an action against a third-party tort-feasor to recover compensation paid its employee. Afterward, over defendant's objection, leave was granted the employee to intervene as a party-plaintiff more than two years after the cause of action accrued. In the instant case plaintiff and defendant both opposed Campbell's intervention. When Campbell filed its notice and alleged lien it had not fulfilled its obligation under the Act to its employee. While the suit was pending in this court Campbell was still paying compensation to Hyland. We think the *Geneva Construction Co.* case is readily distinguishable from this case.

Campbell's rights, as pointed out in *Grasse v. Dealer's Transport Co.,* 412 Ill. 179, are governed by common-law subrogation principles, and accordingly it has a separate and distinct cause of action against the defendant.

The grounds on which the trial court rested its decision do not appear in the record but it may well be that the trial judge refused to allow Campbell to interpose for the assertion of a collateral right because it might tend to confuse a jury in the principal suit by complicating the issues. Under the circumstances

shown we cannot say that the trial court abused its discretion in denying Campbell's motion to intervene.

For the reasons stated, the order appealed from is affirmed.

*Order appealed from affirmed.*

FEINBERG, P. J. and KILEY, J., concur.