MARK HAGEN, d/b/a HAGEN EXCAVATING, Plaintiff-Appellee—(SHIRLEY HAGEN, Intervenor-Appellee), v. RUBY CONSTRUCTION COMPANY, INC., Defendant-Appellant.

(No. 72-294; ▇▇▇▇▇▇▇▇▇▇▇)

Second District—August 8, 1973.

*Supplemental opinion upon rehearing filed September 27, 1973.*

Richard Weinberger, of Chicago, for appellant.

Mirabella, Facktor, Mirabella, & Kincaid, of Wheaton, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant Ruby Construction Company, Inc. brings this appeal from a finding by the circuit court of Du Page County in favor of the plaintiff and an intervenor and against the defendant on its counterclaim and the judgment entered thereon.

The action was commenced on June 22, 1971 when Mark Hagen, individually and doing business as Hagen Excavating, brought a complaint against Ruby, the State of Illinois School Building Commission and Lace Marion Common School District No. 61 "to foreclose a lien against public funds." Count I of the complaint alleged that Ruby was a general contractor and had entered into a contract with the Illinois School Building Commission to construct the Lace Marion Common School in Westmont. It further alleged that Hagen was an excavator and had furnished labor and materials in connection with the construction of the School and was owed a balance of $18,159.43 and had served a notice of a claim for lien on public funds. Count I contained no prayer for relief except as may be inferred from the title of the complaint.

Count II alleged that Hagen had entered into a sub-contract with Ruby to furnish the labor and materials for the school and that he did everything required to be done by him until prevented by the wrongful acts of Ruby and that Ruby was indebted to him for $18,159.43 and prayed for judgment in that amount.

Ruby answered the complaint and admitted that Hagen did certain excavating work required by Ruby's contract to construct the school but alleged that Hagen's work was done so poorly that it was necessary to take over the work to complete it and that its damages exceeded any amounts due the plaintiff. Ruby also filed a counterclaim wherein they alleged that Hagen failed to furnish the necessary equipment and manpower to complete his sub-contract and that he was, in accordance with the provisions of that agreement, discharged after due notice was served upon him. The counterclaim further alleged that it was necessary for Ruby to complete a portion of the excavating themselves and to employ another sub-contractor and that as a result they were damaged in the sum of $34,000 and asked for judgment against Hagen in that amount.

Ruby noticed Hagen to appear for a discovery deposition and to produce certain documents on August 6, 1971 but he failed to appear at the designated time and place. A rule was entered on the plaintiff, pursuant to Supreme Court Rule 219, to appear for the deposition in a specified courtroom on September 2, 1971. On September 1, the then attorney for the plaintiff was permitted to withdraw as his counsel and Hagen was given 20 days to obtain new counsel. The deposition was continued until such time as a new attorney would be obtained. After the expiration

of the 20 days, the defendant again noticed the plaintiff for sanctions under Rule 219 and for an order of default for failure to answer the counterclaim. Hagen did not respond to that notice, did not obtain new counsel, did not answer the counterclaim, did not appear for a deposition and took no further action in the lawsuit.

On September 30, 1971, however, Shirley Hagen appeared and filed a "Motion To Intervene." In that motion, brought pursuant to Section 26.1 of the Civil Practice Act or so it alleged, Shirley Hagen stated that she had been divorced from Mark Hagen on February 26, 1971 and that under the terms of the divorce decree she had a vested interest in the proceeds of the litigation and was fearful that it would be dismissed unless she were allowed to intervene. The motion asked that she be permitted to intervene "* * * as an additional party-plaintiff for purpose of prosecuting this action." The trial court permitted Shirley Hagen to intervene, over objection, and she was ordered to file her pleading and answer to the counterclaim. On October 14, Shirley Hagen filed an answer to the counterclaim where she denied the allegations contained therein but no other pleadings.

The School Building Commission and the School District were subsequently dismissed from the suit and the matter set for trial on June 7, 1972. On that day, the defendant renewed his motion for sanctions under the Rule 219 and for an order of default against Mark Hagen for failure to answer the counterclaim. Although the trial court indicated that it did not know how it could deny the motion, the matter proceeded to trial, without a jury and without Mark Hagen. At the conclusion of the evidence, the court found in favor of the plaintiff on the complaint and against the defendant on the counterclaim and entered judgment in the amount of $6,000 in favor of Shirley Hagen and $6,000 in favor of Mark Hagen with the further provision that Mark Hagen's money be deposited with the county treasurer until further order of court on the representation that he was in arrears in child support payments.

On June 19 (after the trial) Shirley Hagen was allowed, again over objection, to file an "Amended Motion to Intervene" wherein she again alleged the provisions of the divorce decree and asked that she be permitted to adopt the complaint filed by Mark Hagen as her pleading.

Section 26.1(1) of the Civil Practice Act provides that upon timely application that anyone shall be permitted as a matter of right to intervene in an action in certain situations including "* * * (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action." Paragraph (2) provides that a person may be permitted to intervene, at the discretion of the court, in some situa-

tions including "* * * (b) when an applicant's claim or defense and the main action have a question of law or fact in common." Ill. Rev. Stat. 1971, ch. 110, sec. 26.1(1)(b) and (2)(b).

There is nothing in the original complaint, adopted by Shirley Hagen as her own pleading, to indicate that she had any interest, claim or defense to the matters in controversy. The "motion" to intervene states that she had a "vested" right as a result of the divorce decree and it is apparent that the trial court considered the decree as assigning at least a 50% interest in the claim to her. If, in fact, Mark Hagen had assigned an interest in his claim against Ruby to his former wife, her claim of right to prosecute the suit might be valid. However, it does not appear anywhere in the record before us that such an assignment was made and a reading of the divorce decree refutes the contention that such an assignment was intended. The decree provides, *inter alia,* as follows:

> "IT IS FURTHER ORDERED that the claim of Hagen Excavating Company against Ruby Construction Company, or any other party to said claim, will be conditioned in that it will be conducted exclusively by the Defendant, by and through his legal representative, and that if this claim is settled, or if a lawsuit is filed and said suit goes to judgment, the Plaintiff is entitled to Fifty percent (50%) of the net proceeds of any settlement or judgment returned, after deducting all fees, including Attorney's Fees, and costs in the conducting of said claim or lawsuit, and that Fifty percent (50%) of the net proceeds will be given to the Defendant; that the Defendant will execute an assignment of this Fifty percent (50%) interest to the Plaintiff and the Plaintiff will execute a disclaimer of any proprietary interest in and to the conduct of the claim or lawsuit; the Plaintiff further divests herself of any right, title or interest in and to said claim, other than to the Fifty percent (50%) interest of the net proceeds, if any, realized from this claim. It is further Ordered that if no monies whatsoever are realized, that both the Plaintiff and the Defendant will equally share in the costs of said lawsuit."

■■■ It appears from the record before us that Shirley Hagen had no direct interest or claim in the lawsuit (other than a 50% interest in a judgment, if one should be entered). Ordinarily, intervention is a matter largely left to the discretion of the trial court and will not be disturbed unless a clear abuse of discretion is shown. (*Jackson v. Pioletti,* 346 Ill.App. 569, 105 N.E.2d 779.) In this instance, it is apparent that the intervention was improper and resulted in, among other things, the anomaly of a judgment entered in favor of a party who failed to answer

a claim against him, comply with orders of court or personally appear at any time during the litigation.

For the reasons stated the judgment must be reversed and the cause remanded for further proceedings. In view of our decision, we will not consider the other matters raised by the defendant.

Reversed and remanded.

GUILD, P. J., and T. MORAN, J., concur.

## SUPPLEMENTAL OPINION

In the original opinion we reversed and remanded this case. Upon consideration of the petition for rehearing filed by the intervenor-appellee, Shirley Hagen, we rule that this case should not be remanded and that both judgments of the lower court are reversed.