CONTHELIA YANGAS, Plaintiff-Appellee, v. MERCANTILE LAUNDRY Co., *et al.*, Defendants-Appellees—(CATHERINE YANGAS, Intervening Petitioner-Appellant.)

(No. 58353;

First District (4th Division)—April 10, 1974.

Asher Feren, of Chicago, for appellant.

Katz, Karacic & Mansfield, of Chicago, for appellees.

Robert S. Fiffer, of Chicago, for James M. Flanagan, Liquidator.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This action to intervene in liquidation proceedings of the Mercantile Laundry Company was filed in the Circuit Court of Cook County by Catherine Yangas, a 50 percent owner of the building leased by the company at 153-159 Chicago Avenue, Chicago, Illinois. She appeals from the order of the court denying her leave to intervene.

The issue for review is whether the court erred in refusing to allow the intervening petitioner to intervene in the liquidation proceedings.

The principal suit, filed on September 21, 1971, was an action for an accounting and other relief by Conthelia Yangas, the mother of the intervening petitioner and a minority shareholder of the Mercantile Laundry Co., against the Mercantile Laundry Co.; Thomas Brown, the president of the corporation; George Varney, Sr., secretary of the corporation; George Varney, Jr., who was vice president of the company until approximately 2 years prior to suit; and Peter Calopeses, one of the drivers of the corporation.

The chancellor in the principal action appointed James Flanagan as a representative of the court to investigate and analyze the condition of the company and to make recommendations to the court with regard to the continued operation of the company. On June 7, 1972, he was given authority by the court to solicit offers for the assets of the company.

The intervening petitioner, Catherine Yangas, is a 50 percent owner of the building leased to the Mercantile Laundry Co., and George Varney, Jr. and Thomas Brown each own 25 percent. When the company failed to pay the rent of $1300 per month specified in the lease, the intervening petitioner obtained a judgment of eviction on June 30, 1972. However, the writ of restitution was stayed for 60 days. On August 15, 1972, the court, in the principal case, decreed that rent for the premises during the dissolution of the business would be $500 per month, one-half of which was payable to Catherine Yangas. She had not been made a party to the proceedings, and she refused to accept the reduction in rent while waiting for the premises to be vacated.

The intervening petitioner filed separate suits to bar the corporation from committing waste by tearing down walls in the building and for a declaratory judgment against her co-owners and James Flanagan to have a determination made of her rights and responsibilities.

On September 27, 1972, the intervening petitioner filed a petition for process to evict the Mercantile Laundry Co., and/or James Flanagan, and the petition was denied. The court also ordered the receiver to remain in possession of the premises and pay rent at the rate of $500 per month until October 31, 1972.

On October 16, 1972, the intervening petitioner's action for eviction was consolidated with the principal suit, and her petition for the issu-

ance of a writ of restitution and other relief was denied.

On October 26, 1972, the intervening petitioner filed a "petition for leave to intervene for payment of rent and other relief," which was denied. At the hearing the trial judge stated he would entertain the petition to intervene if the petitioner would consolidate the other suits. On November 14, 1972, the petitioner filed a "petition of reconsideration of petition to intervene or for setting of supersedeas appeal bond," in which she stated the issues in at least one of the other law suits were not confined to the matter before the judge in the principal litigation and that the judges having jurisdiction in the other law suits might refuse consolidation. That petition was also denied.

The intervening petitioner appeals from the order of November 14, 1972, denying her petition.

Section 26.1 of the Civil Practice Act (Ill. Rev. Stat., 1972 Supp., ch. 110, par. 26.1) provides for intervention as follows:

> "Intervention. (1) Upon timely application anyone shall be permitted as of right to intervene in an action: (a) when a statute confers an unconditional right to intervene; or (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action; or
> (c) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof."

The Joint Committee Comments to section 26.1 state in part:

> "Intervention is frequently desirable to allow a person to protect an interest jeopardized by pending litigation to which he is not a party or to avoid relitigation in another suit of issues which are being litigated in a pending suit."

The intervening petitioner argues that as one of the owners of the building leased to the company she was entitled to be a party to the proceedings when the court established the rent to be paid by the company, pending liquidation, and that she could intervene as a matter of right under section 26.1(1)(c) of the Civil Practice Act. She also contends she meets the standards for intervention established in the case of *Wert v. Burke* (1964), 47 Ill.App.2d 453: (1) that the representation of the applicant's interest may be inadequate, and (2) that the applicant may be bound by the judgment.

The defendants contend that the purpose of intervention is to expedite litigation and prevent a multiplicity of suits, and that the intervening petitioner was attempting to multiply the pending actions and gain an additional forum to litigate the basic issues. They argue that whether

intervention is permitted is a matter to be decided in the discretion of the trial court, and its determination will not be disturbed unless a clear abuse of discretion is shown. *Hurley v. Finley* (1955), 6 Ill.App.2d 23; *Hogan v. Ruby Construction Co.* (1973), 13 Ill.App.3d 725.

After reviewing the record, we conclude the intervening petitioner's rights as a landlord were adversely affected by the ruling of the trial court establishing the rent to be paid by the corporation. The intervening petitioner had a right to participate in the proceedings and protect her interests. We hold the court erred in failing to grant the intervening petitioner's petition to intervene and direct the trial court consolidate all of the petitioner's suits which are related to the principal action both by parties and subject matter.

For the reasons stated, the order denying the petition to intervene is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

ADESKO, P. J., and JOHNSON, J., concur.