(No. 23312.—

MABEL BERNERO, Appellee, *vs.* ANTHONY BERNERO *et al.*— (THE RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Appellant.)

*Opinion filed April 24, 1936—Rehearing denied June 3, 1936.*

ORR, J., dissenting.
WILSON, J., took no part.

BARNET HODES, Corporation Counsel, and GEORGE F. MULLIGAN, for appellant.

JOSEPH W. COX, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

In 1927 John D. Bernero sued for and obtained a decree of divorce from Mabel Bernero, which was based upon service of process by publication and mail. The proceedings appear to have been regular except as hereinafter set forth. After this decree Bernero re-married, and thereafter died in May of 1933, his second wife having died in December, 1932. He was in his lifetime and up to the time of his death a member of the fire department of the city of Chicago, a participant in and contributor to the firemen's pension fund, and so situated that his lawful widow might be in a position to claim a pension. In July of 1933 Mabel Bernero, who had been made defendant in the divorce suit of 1927, filed a bill in the nature of a bill of review in the same court where the decree of divorce had been granted, setting up and alleging all of the record and pleadings in the divorce case. She alleged that Bernero had filed a perjured affidavit as the basis for substituted service in the divorce case, and had therein falsely stated that she lived at an address at which she had never resided; that this falsity was well known to Bernero, and in her bill she alleged other facts sufficient, in law, to invalidate the jurisdiction of the court which had entered the decree of divorce. In her bill of review she alleged that she never knew of the divorce until June 29, 1933, and that because of the misrepresentation of the complainant in the original divorce case the court was without jurisdiction therein, and that the decree was void for such want of jurisdiction. It was the prayer of the bill of review that the original decree be vacated. On this proceeding certain heirs of Bernero were made parties, and service was had on one of them, who defaulted. Thereafter, on February 7, 1934, a decree was entered *pro confesso* in accordance with the prayer of the bill. Three weeks after the entry of this final decree the appellant, the Retirement Board of the Firemen's Annuity and Benefit

Fund of Chicago, entered its appearance, accompanied by a motion for leave to intervene in the proceedings on bill of review and to vacate the decree theretofore entered in that cause. In support of that motion it was suggested to the court, among other things, that the intervenor had had no notice of the proceedings on review and no opportunity to defend itself or its funds; that Bernero left no estate in which Mabel Bernero could claim any interest; that the superior court could take no jurisdiction of the cause; that Mabel Bernero in fact had actual notice of the divorce proceedings and had actual notice of the subsequent marriage of Bernero. It was further alleged that the proceeding for a review and annulment of the previous decree was a subterfuge adopted by Mabel Bernero to perpetrate a fraud upon the firemen's annuity and benefit fund of Chicago. The motion for leave to intervene was denied, and on appeal to the Appellate Court for the First District that judgment was affirmed. The cause comes here by further appeal, upon leave granted.

It is the appellant's contention that section 25 of the Civil Practice act permits it to intervene in this cause. That section provides, in substance, that where a complete determination of the controversy cannot be had without the presence of other parties the court may direct them to be brought in, and further, that where a person not a party has an interest or title which the judgment may affect, the court, on application, shall direct him to be made a party. (Ill. State Bar Stat. 1935, p. 2441.) The act further provides for service of summons on the new or additional parties, but it says nothing about intervention, and, so far as we can see, adds nothing to the existing law on that subject.

The appellant argues that the decree in the court below will result in Mabel Bernero becoming the widow of John Bernero, and that by this result she will become entitled to, and may, claim a pension from the appellant. It says that

for this reason it had a right to intervene, because the judgment will affect the pension fund. The appellee insists that this result is merely an incident, and that if the fund is affected it is only indirectly. She further insists that the motion for leave to intervene came too late after the final decree had been entered, and cites much authority to the effect that an intervenor comes into the case as he finds it. It will be unnecessary to discuss this last point.

The only matter before the superior court in the original divorce case or on the bill of review was a question as to the continuance or dissolution of the marriage between John and Mabel Bernero. In this subject matter the appellant had no interest, and neither could the judgment rendered directly affect any property or title of the appellant. It is obvious that the marital status of John Bernero at the date of his death might determine whether or not the appellant is liable for a pension, but that interest falls far short of any direct or immediate interest in the subject matter. On the other hand, it is merely incidental. No one would deny his right to re-marry, nor the right of either he or his wife to obtain a divorce. No one would argue that the retirement board could either prosecute, defend or intervene in any divorce case in Chicago simply because one of the parties might be a fireman. This would be no more permissible than to permit that board to enjoin some designing woman from marrying an aged fireman, even though it might be perfectly obvious and susceptible of proof that they would enter into the relation for the express purpose of placing her in a position to obtain a pension. In other words, the pension is a mere incident to the marital relation, and the marital relation itself is a status over which the appellant has no control and in which it has no direct interest.

If, as the appellant argues, the entire transaction is fraudulent, the courts are open to it for redress. It has long been held, and it is established law in Illinois, that

whenever a judgment is procured through fraud and collusion for the purpose of defrauding some third person, such third person may show collaterally the fraud and collusion by which the judgment was obtained and escape the burdens and injuries thereby thrust upon him. (*Green* v. *Hutsonville Township High School District,* 356 Ill. 216; *Atlas Nat. Bank* v. *More,* 152 id. 528; *Elting* v. *First Nat. Bank,* 173 id. 368; *Wing* v. *Little,* 267 id. 20; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 247 id. 340; *Martin* v. *Judd,* 60 id. 78.) If and when the appellee applies for a pension will be soon enough to try out those matters which the appellant wishes to interject into this cause. To hold as the appellant wishes would make it imperative to permit the retirement board to intervene in every divorce case in Chicago if a fireman happened to be a party and would place a premium on the prosecution of such suits.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WILSON took no part in this decision.

Mr. JUSTICE ORR, dissenting:

This case presents a new question of procedure, arising under the Civil Practice act, which in my judgment is not adequately treated either in the foregoing opinion or in the opinion of the Appellate Court.

In affirming the judgment of the lower court, the Appellate Court did not deny the right of intervention, but based its refusal to allow it in this case largely upon the fact that the application to intervene came after judgment was entered and was thus too late. The action is governed by the provisions of the Civil Practice act, section 26 of which provides: "No action shall be defeated by non-joinder or mis-joinder of parties, new parties may be added and parties mis-joined may be dropped by order of the court, at any stage of the cause, before or after judg-

ment, as the ends of justice may require." This provision is identical with the New York Civil Practice act, section 192, and substantially the same rule as is employed in New Jersey and Michigan. It is apparent that under this section, if any right to intervene existed in appellant at any stage of the cause, it could not be denied that right simply because judgment had previously been entered. The decree was entered February 7, 1934, and the petition for leave to intervene was filed March 1, 1934. The application to intervene was therefore made in apt time, being within thirty days after entry of judgment, as required by the Civil Practice act. (Smith's Stat. 1935, par. 174, p. 2430.) So far as the time element is concerned, the same rules and reasons now apply as formerly applied to motions made during the same term at which the decree was entered. *Grubb* v. *Milan,* 249 Ill. 456; *Donaldson* v. *Copeland,* 201 id. 540.

Section 24 of the Civil Practice act provides that "it shall not be necessary that each defendant shall be interested as to all the relief prayed for," in order to be joined as a defendant. Under this section plaintiff could properly have joined appellant as a defendant to the action, for while it was not a necessary party to the divorce proceedings it nevertheless became a proper party when a judgment was entered which, in effect, created a liability against its pension fund. Whether appellant was joined as a party defendant under section 24, or sought to intervene as a party defendant under section 25 next discussed, the same rule would apply—*i. e.,* that it need not be interested in all the relief prayed for to be a proper party defendant. This has always been the rule in chancery practice in this State.

Section 25 of the act provides, in part, that "where a person, not a party, has an interest or title which the judgment may affect, the court, on application, shall direct him to be made a party." The affidavit in support of the application for leave to intervene recited that the filing of

the bill for review was solely to enable Mabel Bernero to obtain a pension from the firemen's pension fund as the alleged widow of John D. Bernero. It asserted that she had actual notice not only of the divorce proceeding against her but also of the subsequent marriage of John D. Bernero in 1927—six years before her bill was filed. It can not be denied that appellant was financially interested in the decree which set aside the divorce proceedings and gave Mabel Bernero, who had deserted her husband twenty years earlier, an opportunity to secure a pension as his *post mortem* widow. This proceeding was so unusual, and the affidavit filed in support of the motion was so conclusive of appellant's interest, that leave to intervene should have been granted, even without reference to section 25 of the Civil Practice act. The trial court still had jurisdiction and control over the cause and its denial of appellant's application to intervene, made in apt time, was contrary not only to the express provisions of section 25, but also a denial of substantial right and justice between the parties. The suit was in equity, and in addition to the right to intervene under the statute, it was highly desirable that the court should seek to do complete justice in the one proceeding. The right to intervene under section 25 cannot be considered absolute since discretion should be exercised by the trial court to prevent the filing of applications where it appears they are made largely for purposes of vexation and delay, yet in this case the denial was contrary to one of the avowed purposes of the Civil Practice act—the expedition of justice.

The judgment of the Appellate Court also failed to consider an even more serious error on the part of the trial court—*i. e.,* its jurisdiction to enter the decree vacating a previous divorce decree after the death of one of the parties. No alimony or property rights, real or personal, were mentioned or adjudicated in the decree for divorce, or in the bill for review thereof. By our statute on abatement

it is provided that certain actions shall survive the death of plaintiff or defendant, but divorce is not referred to in any way therein. There are no elements in an action for a divorce which, on the death of either plaintiff or defendant before final decree, could survive to any heir, devisee, executor or administrator of such decedent. The test as to whether a cause of action survives upon the death of a defendant is whether the action is such as may be brought originally against his representatives, or if there are remaining defendants, whether or not it survives against them. (*Olson* v. *Scully,* 296 Ill. 418.) This court has stated that where a right of action is so entirely personal that a person, by contract, cannot assign it or place it beyond his control, the action will not survive. (*People* v. *Western Life Indemnity Co.* 261 Ill. 513; *Selden* v. *Illinois Trust and Savings Bank,* 239 id. 67.) The right to dissolve a marriage by divorce is such an action. The death of John D. Bernero wholly eliminated the matter in controversy adjudicated by the decree for divorce, so far as it related to the status of the parties and independent of any property rights then existing. Here no alimony or support money was provided and no property rights reserved or adjudicated in the decree. Under such circumstances, the right to set aside a decree for divorce does not survive the death of one of the parties to the marriage relation. In so far as the dissolution of the marriage is concerned, it is nothing but a personal action. It is obvious that an action for divorce proper does not survive the death of one of the spouses. (1 R. C. L. p. 16; *Masterson* v. *Ogden,* 139 Pac. (Wash.) 654.) It is equally obvious that after the death of one of the parties no court can revive the action and set aside the decree previously entered and re-instate the survivor as the surviving husband or widow of the deceased, as was done in this case. The half-brothers and half-sisters of John D. Bernero, who were made sole parties defendant to the bill for review, had no interest what-

ever in the divorce proceeding. The married or divorced status of the parties was not assignable and could not pass to the heirs of either party by inheritance or descent. It has been frequently held in this State that a cause of action created by statute does not survive, unless declared so to do by the statute itself, or unless provision is made for its survival by some other statute. *Selden* v. *Illinois Trust and Savings Bank, supra; People* v. *Western Life Indemnity Co. supra; Wilcox* v. *Bierd,* 330 Ill. 571 ; *Olson* v. *Scully, supra; People* v. *Taylor,* 342 Ill. 88.

For these reasons I believe the trial court was entirely without jurisdiction to entertain the bill for review and without jurisdiction to enter the decree setting aside the decree for divorce.