People of the State of Illinois ex rel. Ethel Shippey Rude, Administratrix of Estate of P. N. Shippey, Deceased, Appellee, v. County of La Salle, Illinois and Board of Supervisors of the County of La Salle, Illinois, Appellants.

Gen. No. 9,628.

542

Opinion filed April 25, 1941.
Rehearing denied June 26, 1941.

PARKE H. DAUGHERITY, of Streator, and TAYLOR E. WILHELM, State's Attorney, for appellants.

TOM W. SMURR, of Ottawa, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The People of the State of Illinois ex rel. Ethel Shippey Rude, administratrix of the estate of P. N. Shippey, deceased, started suit for writ of mandamus in La Salle county, against the County of La Salle, Illinois, and Board of Supervisors of the County of La Salle, to compel the said county to pay to Ethel Shippey Rude, as administratrix of the estate of P. N. Shippey, deceased, a blind pension which was due the said P. N. Shippey during his lifetime in the sum of $821.25.

The case was tried upon a stipulation of fact, which is as follows: "That the relator was at the time of filing said petition and still is the administratrix of the estate of P. N. Shippey, that P. N. Shippey on the 30th day of September, 1932, was a male person of the age of 76 years and a citizen of the United States, and has been a resident of the County of La Salle, State of Illinois, for more than ten years immediately last past before September 30, 1932; that on the 30th day of September, 1932, P. N. Shippey did not have an income of $465.00 per year, that he was then married to Ethel Shippey, and their total income on said day did not exceed $1,000.00 per annum;

"That on the 30th day of September, 1932, P. N. Shippey made his affidavit and filed his application for benefits under an act of the General Assembly of the State of Illinois, entitled 'An Act for the Relief of the Blind,' in force July 1, 1903; that said application was made pursuant to statute, and the applicant, P. N. Shippey was thereafter examined by S. E. Parr, M.D., examiner of the blind for La Salle County, Illinois, who certified from his examination that P. N. Shippey was blind; thereafter the Board of Supervisors of La Salle County, Illinois, at their December session, 1932, by appropriate action, placed said P. N. Shippey upon the blind relief rolls of said county, and ordered payments made to him, thereupon said P. N. Shippey became entitled to benefits for the relief of the blind;

"That thereafter and until his death, which occurred September 19, 1936, said P. N. Shippey remained and was a blind person and remained and was entitled to the benefits of said act of the General Assembly of the State of Illinois, entitled 'An Act for the Relief of the Blind,' and remained and was on the blind relief rolls of said county; that said blind relief pension was payable in advance in quarterly installments of $91.25 each; that the quarterly relief pension was paid to P. N. Shippey for 3 quarters covered by the period October 1, 1932 to July 1, 1933, and for the 4 quarters covered by the period October 1, 1935 to October 1, 1936, but payments aggregating $821.25 were withheld for the 9 quarters covered by the period July 1, 1933 to October 1, 1935; that no part of said $821.25 was paid to P. N. Shippey nor to anyone for him; and at the time of his death said P. N. Shippey had due and owing to him the sum of $821.25;

"That during said 9 quarters from July 1, 1933 to October 1, 1935, the County of La Salle for want of sufficient moneys in its Blind Pension Fund did not pay any Blind Relief pensions; but thereafter and after the death of P. N. Shippey and on or about the

year 1937 the County of La Salle did pay said blind relief pensions for said 9 quarters to those pensioners from whom said payments had been withheld, and who were then living, that is to say living at the time such payments were made, but refused to pay said blind relief pension for said nine quarters or any part of the same to the administratrix of the estate of P. N. Shippey although by her requested so to do;

"That no claims of any kind have been filed or allowed in the Probate Court of La Salle County, Illinois, against the estate of P. N. Shippey, and that the relator, his widow, is now married, and was at the time of filing the petition in this cause, and that she is not blind, nor are any of the heirs at law of P. N. Shippey blind; that an appropriation and levy was made by the Board of Supervisors at their 1939 September Session to pay current blind relief only, and that funds on hand are only sufficient to pay current blind relief as it becomes due quarterly.

"It is further agreed and stipulated that allegations and statements as to conclusions of law contained in the pleadings are not stipulated as being correct or true, but are to be determined by the Court;

"It is further agreed and stipulated that this cause may be heard and determined by the Court without any other or further pleadings just the same as if all the necessary and proper pleas had been filed herein; and that the issues of law to be submitted to the Court for determination are as follows, to-wit:

"First: Does a personal representative of a deceased beneficiary of blind relief under 'An Act for Relief of the Blind,' Chapter 23, Section 279 of Illinois Revised Statutes 1939, State Bar Association Edition, have a right of action to enforce payment of installments of a pension which had accrued to decedent under the provisions of said 'Act' which payments were due and owing to him at the time of his death?

"Second: Do the heirs at law of a deceased beneficiary of blind relief under 'An Act for Relief of the Blind,' Chapter 23, Section 279 of Illinois Revised Statutes, 1939, State Bar Association Edition, have a right of action to enforce payment of installments of a pension which had accrued to such deceased beneficiary under the provisions of said 'Act' and which payments were due and owing to him at the time of his death?

"And if the Court finds upon these propositions that the relator is entitled to enforce payment of the accrued pension, then a writ of mandamus may be issued as prayed in the petition against the defendant Board of Supervisors as prayed, but if the Court finds, upon these propositions, that the relator is not entitled to enforce payment of said pensions, then this cause shall be dismissed.

"Provided that nothing herein shall be construed so as to prevent either party from excepting to or appealing from the findings, decisions and judgment of the Court upon the hearing of this cause.

> "Tom Smurr,
> "Attorney for Relator.
> "Taylor E. Wilhelm,
> "State's Attorney in and for La Salle County, Illinois, Attorney for the Defendants."

The case was submitted to the trial court who found in favor of the petitioner, but also found that $182.50 of said claim was barred by the statute of limitations, but that the remainder of the amount $638.75, was due and owing and ordered the writ of mandamus to issue as prayed. It is from this judgment that the appeal is prosecuted.

From the stipulation, it clearly appears that at the time of the death of P. N. Shippey, there was due and owing him from the County of LaSalle, the sum of

$821.25. The question presented to this court for review is whether the administratrix of the estate of P. N. Shippey, deceased, could maintain a suit against the county to compel it to pay to her as such administratrix, the amount due and owing to Mr. Shippey at the time of his death. It is the contention of the appellants that the granting of the pension was purely statutory, and under the law, any right of action that P. N. Shippey may have had against the county at the time of his death, abated, and therefore, the suit cannot be maintained. Our attention has not been called by counsel to either side of this suit to any case, either in our own State, or other States where this question has been adjudicated. The granting of a pension to a blind person is a gratuity from the county and State to the person receiving the pension. It is purely statutory and unknown to common law. In the case of *Wilcox v. Bierd,* 330 Ill. 571, our Supreme Court discusses the question of when a right of action abates or survives, and in the opinion we find this language: "Causes of action arising from torts to the person or character, where the injury or damage is confined to the body or feelings, are not assignable. Where the right of action is so entirely personal that a person cannot by contract place it beyond his control the action will not survive. As a general rule, assignability and survivability of causes of action are convertible terms, but to this rule there are the exceptions above stated. (*North Chicago Street Railroad Co. v. Ackley,* 171 Ill. 100; *Olson v. Scully, supra; Bradley v. Federal Life Ins. Co.,* 295 Ill. 381.) It is also a well settled rule in this State that a cause of action created by statute does not survive unless declared so to do by the statute itself or unless provision for its survival is made by some other statute. *Olson v. Scully, supra; Selden v. Illinois Trust and Savings Bank,* 239 Ill. 67." This case was cited with approval in *Bernero v. Bernero,* 363 Ill. 328.

The right that Mr. Shippey had in the $821.25, which was due him from the County of La Salle, was not assignable, but was an amount to be paid by the county for the support and maintenance of Mr. Shippey during his lifetime.

It is our conclusion that any right of action that P. N. Shippey may have had to the fund in question, did not survive to his administratrix and that the circuit court erred in ordering the writ of mandamus. The judgment of the circuit court of La Salle county is hereby reversed.

*Judgment reversed.*