Richard Hurley, an Infant, by His Next Friend, Marie Hurley, Mother and Natural Guardian, Plaintiff, v. Cecil Finley, and Gilbert Martini, Doing Business as Martini Refrigerated Transports, Defendants.
Citizens Casualty Company of New York, Intervenor-Appellant, v. Richard Hurley, Cecil Finley and Gilbert Martine, Doing Business as Martine Refrigerated Transports, Respondents-Appellees.

Term No. 55–F–9.

Fourth District.

May 2, 1955.

Released for publication May 26, 1955.

Oehmke, Dunham & Boman, of East St. Louis, for intervenor-appellant.

Cox, Smith & Bassett, of Wood River, for plaintiff-appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This cause is before us on appeal from an order of the circuit court of Madison county entered September 10, 1954, vacating a previous order which had allowed intervention on petition by Citizens Casualty Company of New York, a corporation, appellant. At the time the order granting intervention was entered it was with the understanding that the merits of the intervening petition would be determined upon a motion to vacate, if one was filed.

The action in which the intervening insurance company petitioned to intervene is an action at law to recover damages for personal injuries to the minor plaintiff (and for medical expenses and loss of services of the minor plaintiff's mother), sustained as the result of an automobile collision on a highway.

The original action was commenced on October 28, 1953, by filing of a complaint against the defendant, Gilbert Martine (also described in the suit as "Martini"), a citizen of Texas and owner of the transport unit involved in the collision; and defendant, Cecil Finley, a citizen of Louisiana, and driver of the transport unit. Service was obtained upon defendants by the so-called "long arm" statute (1953 Illinois Revised Statutes, Chapter 95½, Section 23 [Jones Ill. Stats. Ann. 85.023]). No answer was filed in that proceeding by defendants, but thereafter the insurance company, intervenor, filed a petition to intervene and in such intervening petition sought to obtain a declaratory

25

judgment as to its rights and obligations under a certain policy of insurance issued by it to the defendant Martine, and likewise requesting an injunction against the prosecution of the damage suit by plaintiffs until the declaratory judgment could be obtained. Plaintiffs filed a motion to vacate the order of the court and such order was vacated on September 10, 1954.

On appeal in this cause it is the contention of the intervening insurance company that the circuit court erred in denying such intervention to obtain the declaratory relief prayed for prior to the adjudication of the personal injury suit. Plaintiffs in the court below and in this court, maintain that the court did not err in vacating the order allowing the insurance company to intervene for the reason that the intervening petition did not in any way attempt to take the suit as it was found, but that an attempt was made to insert an entirely new action, that of declaratory judgment and relief, based on contractual principles; whereas the original action was an ex delicto case for damages. Secondly, it is asserted, that defendants were not before the court for the purposes of such an intervening suit, since service had been obtained upon them under the so-called "long arm" statute by reason of the use of the Illinois highways.

 Intervention by a third party into a pending lawsuit is permissible only when the intervention imposes no new issues, does not delay the trial between the original parties and a complete determination of the case cannot be made without the intervenor's presence as a party. The general rules of equity are applicable to intervention (Bernero v. Bernero, 363 Ill. 328; Hairgrove v. City of Jacksonville, 366 Ill. 163).

It has been often determined and stated that the intervenor must take the suit as he finds it, and may not change the issues between the parties or raise new issues, and may not insist upon a change in the form

26

of procedure or delay the trial (Wightman v. Evanston Yaryan Co., 217 Ill. 371; Bernero v. Bernero, supra; Hairgrove v. City of Jacksonville, supra). It has also been determined that intervention is permitted only when the intervenor was a necessary or proper party in the first instance in the original lawsuit (In re Belleville Bank & Trust Co., 302 Ill. App. 359).

■ ■ In the case before us the original complaint is based upon negligence of nonresident defendants and prays for damages for personal injuries suffered by plaintiffs. The petition to intervene is in the nature of an action for declaratory judgment based upon the alleged fraud of the nonresident defendants in regard to a contract of insurance made in Texas, between the insurance company and one of the defendants. No allegations of fraud are directed toward the plaintiffs. It is thus apparent that the intervenor does not seek to take the suit as it found it but, in fact, raises new issues. The intervening company could not have been named in the first instance as a party defendant and a complete determination of the controversy involved in the original suit could have been had without the insurance company as a party. An insurance company is never a necessary or proper party defendant in an action for damages for personal injuries brought against its insured (United States Fidelity & Guaranty Co. v. Maryland Casualty Co., 182 Ill. App. 438).

■ ■ The insurance company intervenor cites the case of Knapp v. Hankins, 106 F. Supp. 43, as persuasive of the propriety of intervention in the instant case. Under Rule 24 of the Federal Rules of Procedure which were involved in the Knapp v. Hankins case, supra, intervention is a matter of right and not a matter within the court's discretion. The defendant insurance company could have been impleaded under the Federal Rules since any insurance company which disputes the validity of its policy can be brought into the action

27

under Federal Rules by the defendant, as a third party defendant. This is not so under the Illinois procedure (United States Fidelity & Guaranty Co. v. Maryland Casualty Co., supra). Intervention, under Illinois procedure, is a matter largely within the trial court's discretion, and a determination by the lower court on allowing or disallowing intervention will not be disturbed on appeal, unless clear abuse is shown (Jackson v. Pioletti, Judge, et al., 346 Ill. App. 569).

It might be noted in passing that at the time of the filing of notice of appeal in the instant case, an answer on behalf of defendants denying liability in the original action was filed on behalf of defendants by intervenor. To permit intervention by an insurance company under circumstances such as before us in this case would unreasonably and interminably delay procedure by permitting an insurance company to intervene in any action and present determination thereof until its liability under the terms of the policy could be determined. The action of the lower court is obviously proper, without considering the question of service on nonresident defendants under the so-called "long arm" statute.

■ The defendants were brought into court in the instant case under the provisions of Section 23, Chapter 95½, 1953 Illinois Revised Statutes, which provides that a nonresident person who uses and operates a motor vehicle on the highways of this State appoints the Secretary of State as his agent for service of process in any action against such nonresident, growing out of the use and operation of the highways. Since such statutes are in derogation of the common law they must be strictly construed and could not by implication be extended to include causes of action not clearly within their terms (Wood v. White, 97 F.2d 646). To permit a third party to intervene so the Illinois court could enter a judgment in personam, based on contractual

liabilities by reason of such service would be extending the statute by implication to include causes of action not clearly within its terms and not growing out of the use and operation of a motor vehicle on Illinois highways by the nonresident defendants (Brauer Machine & Supply Co. v. Parkhill Truck Co., 383 Ill. 569).

██ If matters alleged in the intervening petition are true (which we assume to be true for purposes of this appeal), then intervenor has a remedy afforded to it, as a matter of law. Its defenses may be raised in any subsequent proceeding where the plaintiff with a judgment would seek to collect the proceeds of the policy. There is no compelling reason confronting this court to force extension of the Rules relating to intervention or jurisdiction. The order of the circuit court of Madison county will, therefore, be affirmed.

Order affirmed.

SCHEINEMAN and BARDENS, JJ., concur.