STANDARD BANK & TRUST CO., Trustee, *et al.*, Plaintiffs-Appellees, *v.* THE VILLAGE OF OAK LAWN, Defendant.—(CRAWFORD GARDEN HOMES ASSOCIATION *et al.*, Petitioners-Appellants.)

First District (3rd Division) No. 77-1169

Opinion filed June 7, 1978.—Rehearing denied July 12, 1978.

Burke, Weber & Egan and Burton S. Odelson, both of Chicago (Edward J. Egan, of counsel), for appellants.

Jack M. Siegel, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Petitioners, nonprofit associations and individual homeowners, appeal from an order of the circuit court of Cook County denying their petition for leave to intervene in order to file a motion for a new trial in a matter which had been reduced to judgment. The trial court denied the petition on the ground that the application was untimely.

The original suit was filed on July 15, 1976, by the owners and lessees of certain property located at the corner of 95th Street and Crawford Avenue in the Village of Oak Lawn. The complaint attacked the denial by the Village of a site plan which provided for the development of the property as a shopping center. Plaintiffs contended that the site plan complied in all respects with the Village zoning ordinance. They also challenged the constitutionality of the ordinance.

Five days after plaintiffs' action was filed, all the trustees of the Village Board present at a meeting voted to defend the Village's position in court. Thereafter, the Village filed an answer and resisted plaintiffs' suit. On May 3, 1977, after a trial, the trial court entered judgment for plaintiffs, holding that the site plan was in substantial compliance with the ordinance and that plaintiffs were entitled to develop the property as a shopping center. The court found it unnecessary to rule on the constitutional question. The Village was directed to approve the site plan subject to certain modifications. No further modifications were to be permitted without consent of the Village.

As we have noted, the Village trustees originally had voted to defend the Village's position. In a Village election conducted in April 1977, there was a partial change in the composition of the Board, and a new Village president was elected.

At the Board meeting of May 17, 1977, two weeks after entry of the judgment in favor of plaintiffs, the question of whether to appeal from the trial court's decision was discussed. Several of the petitioners were present and urged the Village to appeal. The new president stated that in

exchange for an agreement on the part of the Village not to appeal the decision, plaintiffs had offered to covenant that certain property to the north which was owned by petitioners would be developed only for single-family dwellings. Plaintiffs also offered to grant certain easements and to assume the costs of installing nearby traffic signals. A vote was taken and two newly elected trustees voted not to appeal the court's decision. A trustee, who previously had voted to defend the Village's position, also voted not to appeal. Three trustees voted to appeal. The tie vote was broken by the new president, who voted not to appeal. A motion was adopted that the appeal not be prosecuted subject to the ratification of the proposed agreement by all parties on or before May 27.

On May 27, 1977, the trial court entered an order which approved the agreement entered into between plaintiffs and the Village. The agreement also provided that no portion of the judgment entered on May 3 was to be affected or changed by the terms of the agreement.

On June 2, 1977, petitioners sought leave to intervene. The petition recited that the individual petitioners were residents of the Crawford Gardens subdivision located approximately 500 feet from plaintiffs' property. The petition further stated that petitioners were aware of the litigation between plaintiffs and the Village, but previously had not sought leave to intervene because they believed they were represented adequately by the Village. The petition also alleged that after the May 3 judgment in favor of plaintiffs, petitioners expected the Village would continue to resist. Petitioners stated that the value of their property would be decreased seriously if the judgment were permitted to stand. Attached to the petition to intervene was a motion for a new trial.

Plaintiffs filed an answer to the petition for leave to intervene. In the answer, plaintiffs stated that petitioners were well aware of the trial and had made no effort to intervene or to participate in a timely manner. The answer also alleged that the petition was insufficient because it failed to set forth any specific property owned by plaintiff or failed to set forth what property would be damaged by the judgment.

On June 9, 1977, the trial court, after a brief hearing, denied the petition for leave to intervene on the ground that it was not timely filed. The order of denial also recited that even if permission to intervene were granted, the motion for a new trial would be denied as without merit.

Petitioners contend that the trial court abused its discretion in denying their petition for leave to intervene. Section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 26.1) provides in pertinent part:

"(1) Upon timely application anyone shall be permitted as of right to intervene in an action: * * * (b) when the representation of the applicant's interest by existing parties is or may be inadequate and

the applicant will or may be bound by an order or judgment in the action; * * *."

Petitioners maintain that they were entitled to rely upon the elected officials of the Village to represent their interests adequately, and that such reliance was justified until the entry of the agreed order on May 27, 1977, by which the Village gave up its right to appeal the trial court's decision. Petitioners argue that only then did representation by the Village become inadequate. Petitioners contend further that the judgment and subsequent agreed order seriously jeopardize their interests as homeowners and, therefore, even though the petition was not filed until after judgment, it was nevertheless timely.

Plaintiffs emphasize that petitioners were aware of the litigation concerning the subject property long before they sought leave to intervene. Since the factual and legal issues were fully litigated in the trial court, plaintiffs maintain that petitioners cannot now seek to attack the final judgment entered on May 3. Plaintiffs also argue that the Village Board was fully justified in voting not to appeal and instead to enter into the agreement which they contend benefits both the Village and petitioners. (Petitioners argue that the subsequent covenants agreed to are meaningless and incapable of being enforced.) Plaintiffs urge that the petition to intervene was not timely and, that in any event, the Village's representation of petitioners' interests was adequate.

■■ Whether intervention is sought as of right or by leave of court, the petition must be timely filed. (*Childress v. State Farm Mutual Auto Insurance Co.* (1968), 97 Ill. App. 2d 112, 239 N.E.2d 492.) Section 26.1, giving the right to intervene, is to be liberally construed. (*Wheeling Trust & Savings Bank v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 539, 331 N.E.2d 172.) The intervention statute does not impose any time limits on the filing of the petition, and the determination of whether a petition is timely is a matter left largely to the sound discretion of the trial court. *In re Appointment of Special State's Attorneys* (1976), 42 Ill. App. 3d 176, 356 N.E.2d 195; *Forestview Homeowners Association, Inc. v. County of Cook* (1974), 18 Ill. App. 3d 230, 309 N.E.2d 763.

■■ As of July 20, 1976, shortly after plaintiffs filed the original suit, the policy of the Village Board, as expressed in the unanimous vote of the trustees present at the meeting, was to defend the Village's position. It was not reasonable to expect petitioners to foresee a change in that position. Particularly, it was not reasonable that petitioners could anticipate that a subsequent election changing the Village Board's composition would indicate a corresponding change in policy. Nor was it foreseeable that a trustee would change his position. Therefore, prior to the entry of judgment on May 3 and the subsequent Board meeting on

May 17, petitioners had no reason to expect that their interests did not coincide with those of the Village and that they could not rely upon the Village to represent them adequately. Even after May 17, the Board's decision not to appeal expressly was made contingent upon the binding execution of the agreement proposed by plaintiffs on or before May 27. It was not until May 27, when the agreed order was entered, that petitioners could be certain that the trial court's decision would not be appealed and that their interests would receive no further representation by the Village. It was only then that petitioners could know that they would have to intervene and participate. Petitioners on June 2, filed their petition for leave to intervene. We think it clear that the petition to intervene was timely. Under the facts and circumstances, we hold that the trial court abused its discretion in denying petitioners leave to intervene.

Although intervention is more common before judgment, post-judgment intervention has been granted where it is the only way to protect the rights of the intervenor. (See *Wheeling Trust & Savings Bank v. Village of Mount Prospect; Shlensky v. South Parkway Building Corp.* (1963), 44 Ill. App. 2d 135, 194 N.E.2d 35.) A case analogous to the present one is *City of Lockport v. County Board of School Trustees* (1971), 2 Ill. App. 3d 970, 276 N.E.2d 13. In that case, the City of Lockport filed suit to prevent defendants from selling or otherwise changing the character of certain property. The complaint was filed on September 9, 1969, and defendants filed a motion to dismiss which was granted on May 25, 1970. On June 1, the Lockport City Council adopted a resolution to take no further action in the case. On June 23 petitioners sought leave to intervene. In reversing the trial court's denial of the petition, this court stated:

> "During the period of time * * * that the City was nominally prosecuting the case, the rights of petitioners were amply protected, and only when the City determined to withdraw from further prosecution of the case, did petitioners properly deem it necessary to seek to substitute themselves as parties-plaintiff in place of the City. We note that after entry of the order of dismissal on May 25, 1970, the City decided not to litigate further on June 1, 1970. Petitioners filed their motion for substitution on June 23, 1970, only 22 days after the City had declined to proceed. Under such circumstances, we do not believe that petitioners could validly be charged with laches or undue delay in asserting their individual rights * * * for the reason that until that time their rights as well as those of the general public were adequately represented [citation]." (2 Ill. App. 3d 970, 974, 276 N.E.2d 13.)

The fact that in the present case there was a trial on the merits does not warrant a different result. Throughout the trial, petitioners reasonably

believed that representation by the Village adequately protected their interests as individual homeowners. It was only after the Village, by binding agreement, forfeited its right to appeal that petitioners' interests were jeopardized. A liberal interpretation of the intervention statute is particularly appropriate in cases such as this where the municipality's legitimate interest in a comprehensive zoning pattern may result in hardship to individual owners. See *Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, 256 N.E.2d 1; *Bredberg v. City of Wheaton* (1962), 24 Ill. 2d 612, 182 N.E.2d 742.

Of the authorities cited by plaintiffs in support of the denial of intervention, only four deal with representation by public bodies. We believe those cases involving private litigants are inapposite because nonparties normally are not entitled to rely upon another private litigant to represent their interests. When they do so rely and their interests are jeopardized, they are properly penalized for their failure to intervene sooner. Where a governmental entity is involved, however, interested parties legitimately may assume that their elected officials will adequately represent their interests as members of the general public. Only when the interests of the general public diverge from those of the individual is the private party obligated to take action to protect his interests.

Those Illinois cases cited by plaintiffs involving representation by public bodies are readily distinguishable. Three of the cases, *In re Appointment of Special State's Attorneys* (1976), 42 Ill. App. 3d 176, 356 N.E.2d 195; *Elmhurst-Chicago Stone Co. v. Village of Bartlett* (1975), 26 Ill. App. 3d 1021, 325 N.E.2d 412; and *Forestview Homeowners Association, Inc. v. County of Cook* (1974), 18 Ill. App. 3d 230, 309 N.E.2d 763, do not deal with the question of timeliness. In the single case denying the petition to intervene on the ground of timeliness, *County of Cook v. Triangle Sign Co., Inc.* (1963), 40 Ill. App. 2d 202, 189 N.E.2d 25, the petition was filed more than a year after final judgment. As compared with the brief interval in the present case, *County of Cook* obviously is not authority for the proposition that the petition here was not timely filed.

■■ Plaintiffs also urge that the trial court's decision to deny leave to intervene may be upheld because the petition herein failed to set forth a sufficient interest on the part of petitioners to warrant intervention. We observe initially that the trial judge indicated that he was not troubled about the issue of petitioners' interest. We further note that the allegations regarding the location of petitioners' property and the damage to their interests as homeowners are virtually identical to those found in *Wheeling Trust & Savings Bank v. Village of Mount Prospect*, in which a sufficient interest was found. Petitioners demonstrated a sufficient interest to be permitted to intervene.

180

Plaintiffs finally seek to uphold the denial of intervention on the ground that although the trial court denied the petition, it actually considered petitioners' motion for a new trial and found it to be without merit. Although the order contains such a recitation, an examination of the record does not support such an argument. Petitioners were denied permission to intervene, and were not given an opportunity to argue the motion for a new trial. Since petitioners' petition for leave to intervene was timely filed, they are entitled to a hearing on their motion for a new trial.

For the reasons stated, the order of the circuit court of Cook County denying petitioners leave to intervene is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

JIGANTI, P. J., and McGILLICUDDY, J., concur.