WILLIAM JOHNSON *et al.*, Plaintiffs-Appellees, *v.* CAPE INDUSTRIES, LIMITED, Defendant-Appellee.—INSURANCE COMPANY OF NORTH AMERICA *et al.*, Petitioners-Intervenors-Appellants.—INA INSURANCE COMPANY OF ILLINOIS *et al.*, Plaintiffs-Appellants, *v.* CAPE INDUSTRIES, LIMITED *et al.*, Defendants-Appellees.

Fourth District   Nos. 16299, 16326 cons.

Opinion filed December 4, 1980.—Modified on denial of rehearing January 21, 1981.

GREEN, J., concurring in part and dissenting in part.

Stephen L. Corn and Gregory C. Ray, both of Craig & Craig, of Mattoon, for appellant Insurance Company of North America.

Frederick P. Velde, of Heyl, Royster, Voelker & Allen, of Springfield, for appellee North American Asbestos Corporation.

James Walker, of James Walker, Ltd., of Bloomington, for other appellees.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

We deal primarily with procedure here.

In the personal injury action, the petitions to intervene were denied. They should have been allowed.

We reverse.

In a personal injury action, 27 plaintiffs filed a complaint in the circuit

court of McLean County against Cape Industries, Limited (Cape), alleging that Cape acted as an agent and shareholder of North American Asbestos Corporation (NAAC) in selling asbestos to a plant where the plaintiffs worked. Insurance Company of Illinois and Insurance Company of North America (INA) issued two policies of liability insurance for the benefit of NAAC as the named insured during the period of July 12, 1974, through March 1, 1976. In our General No. 16299, INA and NAAC sought leave to intervene in the personal injury action, and intervention was denied. In our General No. 16326, INA appeals the denial of a preliminary injunction filed in its declaratory judgment action, which in turn was filed to determine questions of insurance. INA sought to enjoin further proceedings in the personal injury action, pending resolution of the insurance questions.

The policies of insurance issued by INA contain the following in the description of the "persons insured":

> "c. If the Named Insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such; * * *.' "

On February 4, 1980, 27 plaintiffs filed a complaint naming Cape, a corporation, as the sole defendant. Each of the 92 counts contains the following allegation:

> "Defendant, acting as an agent and shareholder of North American Asbestos Corporation and while acting within the scope of its duties as an agent and shareholder of North American Asbestos Corporation, sold asbestos owned by North American Asbestos Corporation to the operators of the asbestos plant at 1111 W. Perry St., Bloomington, Illinois."

On the same date, plaintiffs' counsel sent a copy of the complaint, along with a copy of one of the insurance policies issued by INA, to the INA offices in Chicago. On March 19, counsel corresponded with INA and others stating his position on the insurer's duty to defend. He cautioned INA against a position of not defending Cape and stated a default would be taken against Cape on March 28, 1980.

On March 28, 1980, a motion for default was filed and an order allowing same was entered. The cause was set for presentation of evidence on damages on May 8, 1980.

On April 7, 1980, INA filed a declaratory judgment action and filed a petition to intervene in the underlying personal injury action. Attached to the petition as the initial proposed pleading was a motion to stay pending the resolution of the declaratory judgment action. On March 31, 1980, NAAC filed a petition to intervene in the personal injury action, and on that same date filed an amended petition to intervene. The petitions to intervene were denied.

On April 29, 1980, the circuit court heard evidence on the request by INA for injunctive relief. Judicial notice was taken of the underlying personal injury action. There was testimony that INA had issued two insurance policies. INA's claims manager testified that Cape had not tendered the defense of the personal injury suit to INA. INA had not received any request from NAAC to take over or to assume the defense of the underlying action. Instructions had been received from Cape by telephone and from counsel for NAAC. The instructions were that no one was to make any appearance on behalf of Cape. (Cape is a British corporation.) The court was asked to note the case of *Henry v. Geoprosco International Ltd.*, (1976), 1 Q.B. 726, holding that under English law the filing of a special and limited appearance would be construed by English law as a general appearance subjecting an English corporation to jurisdiction in a foreign country and subjecting it to being garnished in England pursuant to a judgment in a foreign court.

The claims manager testified also that the potential liability in the personal injury case exceeded the limits of the policies issued by INA to NAAC. He identified exhibits as photocopies of the policies of insurance, but was not able to say whether they were true and accurate copies of the policies. The circuit court, after hearing arguments, entered an order denying the request for injunctive relief on the grounds of insufficiency of evidence. The insufficiency was the lack of production of true and correct copies of the INA insurance policies. A subsequent motion for rehearing filed by INA was denied, even though true and correct copies were tendered.

■■ An insurer has a duty to defend a lawsuit against its insured or a putative insured whenever the allegations of the complaint establish coverage, even though those allegations be false. (*Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123; *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 387 N.E.2d 700.) If the insurer believes the allegations creating potential coverage are false, it may (a) defend the case on behalf of the insured and file a declaratory judgment action, or (b) defend the insured under a reservation of rights. (*Apex Mutual Insurance Co. v. Christner* (1968), 99 Ill. App. 2d 153, 240 N.E.2d 742.) We note that in none of these cases did the insured refuse to tender the defense, as is the case here.

INA argues that it is entitled to have its declaratory judgment action decided before the personal injury action. The personal injury plaintiffs argue that their action may go forward first.

Under the facts of *Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335, there was insurance coverage if the tortfeasor had committed an act of negligence, but not if he had committed an intentional battery. The insurer refused to defend because the tortfeasor had been convicted of

battery. The supreme court held that it would not be appropriate under the facts of the case for the insurer to seek a declaratory judgment that the insured's conduct constituted a battery and was thus beyond the coverage of the insurance policy. The court stated that an issue crucial to the insured's liability in the personal injury action and also one in which punitive damages could ultimately be assessed would be determined in a purely ancillary proceeding with the plaintiff and defendant in the personal injury action both aligned on the same side as defendants in the declaratory judgment action.

Our case differs from *Thornton*. The declaratory judgment action need only decide whether Cape as an agent or shareholder of NAAC was an insured. Consequently, there is no reason to delay the declaratory judgment case.

Section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26.1) provides that upon timely application anyone shall be permitted as of right to intervene in an action when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action.

INA claims that with no appearance having been entered on behalf of Cape and the default taken against it, the representation being afforded the interest of INA is clearly inadequate. INA considers the default order will result in a money judgment and it may be bound by the judgment in later garnishment proceedings. INA claims that the trial judge placed undue reliance upon *Hurley v. Finley* (1955), 6 Ill. App. 2d 23, 126 N.E.2d 513, which states that an insurance company is never a necessary or proper party defendant in an action for damages for personal injuries brought against its insured. INA notes that *Hurley* predates the adoption of section 26.1.

We agree that in some circumstances an insurer should be permitted to intervene in a personal injury action. In *Wert v. Burke* (1964), 47 Ill. App. 2d 453, 197 N.E.2d 717, the uninsured motorist insurer sought to intervene (apparently after one defendant admitted liability) in a personal injury action between its driver, the uninsured driver-defendant, and a dramshop-defendant. Intervention was denied by the trial judge, but the appellate court reversed, holding that the representation of the insurer's interest was or might be inadequate without intervention. See also *Standard Bank & Trust Co. v. Village of Oak Lawn* (1978), 61 Ill. App. 3d 174, 377 N.E.2d 1152 (section 26.1 to be liberally construed); *People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 356 N.E.2d 806 (allegations of petitions to intervene to be taken as true).

The personal injury plaintiffs argue that a stay should not be granted because 17 of them are sick and one has already died. If the personal injury litigation is delayed until the declaratory judgment is final, there

will be few if any of the remaining plaintiffs alive at the time of trial. They also argue that the petitions for intervention were not timely filed. A default judgment was entered against Cape on March 28, 1980, and INA's petition to intervene was filed on April 7, 1980, 10 days after judgment was entered. We note that the complaint in the personal injury case was filed on February 4, 1980.

In view of the apparent difficulty between the putative insured and the insurer, and the less than two-month period between filing of the complaint and entry of default, timeliness is not a valid argument against intervention in this case. We further note that the default order was not a final order and subsequent proceedings were contemplated for proof of damages. We hold that the trial judge improperly denied intervention to INA.

■■ NAAC fears a subsequent action against it based upon *respondeat superior*. It also claims a right to intervene under section 26.1. Plaintiffs object to intervention by NAAC and point out that the amended petition had attached to it only a document entitled "special and limited appearance." Section 26.1 requires that a proposed initial pleading be attached to the petition. We believe that in the context of this case, with INA already having petitioned to intervene with a motion for stay attached, that NAAC's petition to intervene should have been allowed. We note that in *Evergreen Savings & Loan Association v. Bernard* (1978), 65 Ill. App. 3d 492, 382 N.E.2d 467, the appellate court held that extension of time for pleading is a matter within the discretion of the trial judge, and this rule applies as well to petitions to intervene. We hold that NAAC should have been permitted to intervene to stay the personal injury action pending the outcome of the declaratory judgment action.

By determining that INA should be permitted to intervene in the personal injury action, we grant to it all of the relief that it could have obtained by means of preliminary injunction in the declaratory judgment action. Therefore, we need not decide whether the trial judge properly denied the request for preliminary injunction.

To reiterate, we hold that the trial judge improperly denied the petitions to intervene, and the motion to stay the personal injury action. Under the peculiar circumstances of this case, it would be most advantageous to have the questions of insurance decided by declaratory judgment before the personal injury action proceeds. However, we also recognize that the personal injury plaintiffs have an interest in a timely conclusion to the litigation. To this end, the declaratory judgment action must be decided as expeditiously as circumstances warrant. Accordingly, we remand to the trial judge for the entry of a stay in the personal injury action. The trial judge remains vested with the authority to vacate the stay

should it appear that the declaratory judgment action is being prosecuted in a dilatory fashion.

The denial of the preliminary injunction in appeal 16326 is affirmed.

The denials of the petitions to intervene and the motion for stay in appeal 16299 are reversed and remanded with directions.

Affirmed in part; reversed in part and remanded with directions.

WEBBER, J., concurs.

Mr. JUSTICE GREEN, concurring in part and dissenting in part:

I agree that under the unusual circumstances alleged, INA should have been granted leave to intervene for the reasons stated by the majority. I concur in the reversal of the judgment denying them leave to do so.

The question of whether NAAC should have been granted leave to intervene is less clear. No cases are cited to show how it would be adversely affected by a judgment against Cape either by way of res judicata or on a theory that they would be required to indemnify Cape for a judgment obtained against it. However, as the law is not clear, it is a party who may be bound by judgment against Cape. However, rather than to unduly burden plaintiff with the addition of NAAC as a party, I would reverse the order of the trial court denying them leave to intervene and remand with directions to the trial court to permit them intervention unless plaintiff will stipulate that (1) they will not claim any judgment against Cape to be res judicata as to any claim they have against Cape, and (2) they will not claim any rights against NAAC arising from any duty of NAAC to indemnify Cape.

I do not agree that the declaratory judgment action necessarily need be decided before any further proceedings in the personal injury action. It may well be that if the default judgment is set aside and a new trial is required, that trial should not occur before the declaratory judgment action is decided at least at the trial court level. But at present it is not even apparent as to what pleadings the intervening parties will file. There is no reason why those parties might not at least be required to plead, as their motions to intervene would constitute general appearances. I would phrase the mandate in such a way that the trial court would be directed to proceed at its discretion in the personal injury action, balancing, as the majority indicates, the rights of the plaintiffs with those of the intervenors.