*In re* APPLICATION OF COUNTY TREASURER (Canton Union School District No. 66 *et al.*, Intervenors-Appellants, *v.* Central Illinois Light Company, Objector-Appellee).

Third District   Nos. 82—452, 82—492 through 82—495 cons.

Opinion filed March 22, 1983.

Ralph Froehling, of Froehling, Taylor & Weber, of Canton, for appellants.

Thomas Atherton, of Frings, Bagley, Atherton & Clark, of Pekin, and Linda K. Stanwood and Terry F. Moritz, both of Goldberg, Kohn, P.C., of Chicago, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Petitioners Canton Union School District No. 66, Community College District No. 534, and their boards filed a petition to intervene in five applications for judgment and order of sale for delinquent taxes previously filed against Central Illinois Light Company (hereinafter CILCO). After a hearing on the merits of the petition in the circuit court of Fulton County, it was denied.

A brief history lends perspective to this litigation. In each of the applications at bar, CILCO responded with an objection and paid its property tax under protest. The basis of each objection was that the Department of Revenue had improperly assessed the value of the utility's pollution control facilities. In *Commonwealth Edison Co. v. De-*

*partment of Local Government Affairs* (1981), 85 Ill. 2d 495, 426 N.E.2d 817, the supreme court agreed with CILCO, and the trial court and Department of Revenue reduced the assessments. No notice of the tax objections was given to petitioners. See Ill. Rev. Stat. 1979, ch. 120, par. 675.

Amidst other facets of this and related litigation, the school board, on August 31, 1981, entered into a stipulation in three of the applications at bar. Pursuant to "a settlement of the reclassification" of property in another cause, CILCO agreed, *inter alia,* to postpone taking steps to collect part of its refund and to accept it in two installments. In return, the school board agreed not to interfere with CILCO's right to a refund of 1981 taxes. On January 27, 1982, petitioners filed an action against the Fulton County clerk and collector, and CILCO was permitted to intervene. Petitioners alleged that section 21a—3 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 502a—3) violated a series of provisions of article IX of the Illinois Constitution. CILCO proceeded to pursue summary judgment in the causes at bar. On June 1, 1982, the hearing date of the motions for summary judgment, petitioners appeared in open court and presented their petition to intervene without prior notice. The gravaman of the petition was the same constitutional argument presented in their earlier action against the county officials.

■ Of the several issues presented for our review, we need only consider whether the application for intervention was timely. A timely application to intervene is required whether intervention is permissive or a matter of right. *Moran v. Commonwealth Edison Co.* (1979), 74 Ill. App. 3d 964, 393 N.E.2d 1269; *Standard Bank & Trust Co. v. Village of Oak Lawn* (1978), 61 Ill. App. 3d 174, 377 N.E.2d 1152; *Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382, *appeal denied* (1977), 66 Ill. 2d 631.

In the cause at bar, the petition to intervene was filed the day uncontested motions for summary judgment were to be heard and approximately 3½ years after the first of the underlying actions was filed. Counterbalancing this is the fact the county clerk failed to give petitioners notice of the tax objection filings as required by statute (see Ill. Rev. Stat. 1979, ch. 120, par. 675). This, in part, was due to the fact that CILCO did not include the college district on its list of tax levying units in two of the underlying causes and failed to list either petitioner in two others.

Petitioners cite a number of cases in support of their contention that their petition was timely. In *Standard Bank & Trust Co. v. Village of Oak Lawn* (1978), 61 Ill. App. 3d 174, 377 N.E.2d 1152, the owners and lessees of certain property filed an action against the village as a

site plan providing for the development of the property as a shopping center had been denied. The village trustees unanimously voted to defend the municipality's position, but the plaintiffs prevailed. The composition of the board of trustees was meanwhile partially changed, and a new village president was elected. The new officials voted not to appeal in return for certain concessions, and a group of landowners living near the subject property petitioned to intervene. The trial court found the post-judgment attempt to intervene was not timely. The appellate court found that it was not reasonable to expect the petitioners to foresee the change in position, and only after the decision not to appeal could they know intervention was necessary. The petition was deemed timely.

In *Avery v. Garbutt* (1974), 19 Ill. App. 3d 1001, 313 N.E.2d 274, the original plaintiffs, sergeants in the Cook County Department of Corrections and a fraternal order of police lodge, sought a declaratory judgment that the defendants did not have the power to hold examinations for the certification and promotion of all ranks of correctional officers. The lodge withdrew as a party plaintiff and the case was settled. Forty-nine days later the petitioners sought to intervene as they were unaware of the lodge's participation in, or withdrawal from, the action. The trial court denied the petition as it found it had lost jurisdiction. The appellate court reversed and remanded as the court had jurisdiction but, because of its finding otherwise, did not exercise its discretion.

In *Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, 256 N.E.2d 1, the plaintiffs sought a declaratory judgment that certain provisions of a zoning ordinance were unconstitutional as applied to certain real estate. The trial court voided minimum lot area restrictions and retained jurisdiction. Three and one-half years later, the petitioner, an adjoining landowner, sought to intervene as a building was being constructed in violation of the court's decree. An earlier stop order issued by the building department had been rescinded, and no further departmental action was forthcoming. The trial court denied intervention. In affirming the appellate court's reversal and remand, the supreme court noted:

> "[T]he construction permit for the building was not issued until almost two years after the 1962 decree had been entered. During this period of nonactivity adjoining landowners had no reason to suspect there would be any violation of the decree. When the construction commenced and violations were observed the appellee began the complaints to the City of Chicago we have described. Over a year was spent in the addressing and consideration of these complaints. The course of action taken was not

entirely futile, for the City did issue a stop order for the violating construction, though it was later rescinded. When the appellee determined that his administrative complaints concerning the failure to provide parking facilities would be ineffectual, he filed his petition to intervene in the circuit court without undue delay." *Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, 497, 256 N.E.2d 1, 4.

In *Standard Bank & Trust Co.*, the petition to intervene was filed as soon as a previously sympathetic board reversed its position. Neither a sympathetic body nor reversal of position is here present. In *Avery*, the trial court failed to exercise its discretion. The trial court herein did. In *Anundson*, no problem was evident for almost two years, an administrative remedy was successfully pursued, and intervention was attempted only when that remedy became ineffective. Here, no administrative remedy was successfully pursued and none could become effective. When the "problem" became evident returns us to the failure to give petitioners their statutory notice.

While petitioners do not contend that they were unaware of the causes at bar, we are not constrained to attribute such awareness to them where this was in part due to CILCO's failure to comply with its statutory responsibility. Such awareness must be attributed to the school board, however, no later than August 25, 1981. On that date, it entered into the stipulation with, *inter alia*, CILCO in three of the causes at bar. After the denial of the Department of Revenue's application for rehearing in *Commonwealth Edison Co. v. Department of Local Government Affairs* (1981), 85 Ill. 2d 495, 426 N.E.2d 817, on October 19, 1981, the school district and a second school district initiated an original proceeding in the supreme court. This attempt was declined by the court on January 12, 1982. On January 24, 1982, both petitioners filed their constitutional attack in the trial court.

■ Given this litigious history and the fact that petitioners elected to pursue the constitutional question in an independent proceeding, we do not find the petition at bar was a timely application to intervene. We therefore need not reach the additional issues presented for our review.

Accordingly, the order of the circuit court of Fulton County is affirmed.

Affirmed.

BARRY, P.J., and HEIPLE, J., concur.